■ MAE McGUIRE, Respondent, v. EMIL PICK, Appellant.— Order of February 27, 1959 granting plaintiff's motion to vacate defendant's notice to examine plaintiff before trial and to strike defendant's answer and denying defendant's cross motion in branch, modified, on the law and in the exercise of discretion, to deny so much of the motion as sought to vacate the notice of examination, and to grant so much of the cross motion as sought to stay all proceedings until plaintiff complies with rule 9-a of the Rules of Civil Practice, without costs to either party. Order of March 13, 1959 denying so much of defendant's cross motion, in branch, as sought to strike the cause from the General Jury Calendar reversed, on the law and in the exercise of discretion, and the cross motion, in branch, granted, without costs to either party. Generally, the rule governing readiness certificates should be strictly enforced (Price v. Brody, 7 A D 2d 204). However, rigid adherence to technical rules of procedure may not be permitted to interfere with the interests of substantial justice (Civ. Prac. Act, § 105). That is never the purpose of such rules and the court is always possessed of power to prevent such effect. In this case the certificate of readiness was served and filed, apparently through a misunderstanding between counsel, while defendant's counsel, to the knowledge of plaintiff's counsel, was about to leave on an extended vacation. Actually, the certificate of readiness was served on December 22, 1958. On that day defendant served his notice to examine plaintiff before trial. On December 23, 1958 the certificate was filed. In the meantime, defendant's lawyer left the country on a vacation. On the day after the

latter's return, plaintiff moved to vacate defendant's notice. Moreover, the unusual nature of plaintiff's claims makes extremely desirable, for the benefit of the trial court as well as the adversary, the examination of plaintiff before trial. Thus, while the special rule is and will be rigorously enforced, it will be relaxed when such extraordinary circumstances are present. It has never been questioned that, if special, unusual, or extraordinary circumstances exist, relief is warranted from the general rule which would prevent such an examination. (See *Price* v. *Brody, supra*, pp. 205–206; *Amkraut* v. *Roanoke Garment Co.*, 5 A D 2d 863.) With respect to the cross motion, plaintiff has failed to justify her failure to comply with defendant's renewed demand, pursuant to rule 9-a of the Rules of Civil Practice, for a statement setting forth plaintiff's current address. Plaintiff is admittedly no longer living at the last address furnished to defendant. Concur — Breitel, J. P., Rabin, M. M. Frank and Stevens, JJ.; McNally, J. dissents and votes to affirm both orders. Settle orders on notice.