■ Frances Van Blarcom et al., Respondents, v. Leonard G. Rogers, as Executor of Julia Rogers, Deceased, Appellant.— Order dated March 30, 1960 granting plaintiffs' motion to file an amended complaint and bill of particulars unanimously affirmed, with $10 costs and disbursements to the respondents.

Order dated April 14, 1960 granting plaintiffs' motion for leave to examine witnesses by written interrogatories unanimously affirmed, with $10 costs and disbursements to the respondents. The defendant's principal objection is not to the relief granted but rather that the same was not conditioned upon the striking of the certificate of readiness and the removal of the cause from the calendar. We have heretofore held that the court has some discretion in ordering or refusing to order a certificate of readiness stricken (*McGuire* v. *Pick*, 8 A D 2d 800). While it would have been proper for Special Term to have granted the relief upon condition that the certificate be stricken we do not believe that the failure to do so constituted an abuse of discretion. However, in affirming Special Term's unconditional granting of the relief sought we in no way detract from our stated position that generally the readiness rule must be strictly enforced (*Price* v. *Brody*, 7 A D 2d 204; *McGuire* v. *Pick, supra*). The circumstances here present are such that the relief sought may be granted without doing violence to the rule and its purpose. The addition of allegations of ordinary negligence to those of gross negligence originally pleaded will not alter the basic factual issues to be tried. Nor does the granting of the interrogatories at this time run contrary to the rule. This is not the usual situation where one belatedly decides to examine an adverse party where, in possession of all needed information, he had a full opportunity to do so before having filed the readiness certificate. Leave to examine after a certificate of readiness has been filed will only be granted where special and unusual circumstances are present. Such leave was granted in *McGuire* v. *Pick (supra)*, where the absence of the attorney from the country so that he could not move to strike the certificate was held a special circumstance. Similar leave was granted in *Amkraut* v. *Roanoke Garment Co.* (5 A D 2d 863) where it was found that the circumstances of the accident were peculiarly within the knowledge of the plaintiff sought to be examined. Here the interrogatories are sought in order to obtain essential testimony of two nonresident witnesses — as distinguished from parties — who it was discovered would not appear at the trial as was anticipated. Moreover, such witnesses being nonresidents were beyond the reach of subpœna. Additionally there is not present here the element of "waiver" which can be found in the cases where post-readiness certificate examinations have been sought and denied (*Price* v. *Brody, supra*). Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.